IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ROBERT A. BALL, | ) | CV. NO. 10-00768 DAE-KSC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| EVELYN M. TATE-BALL; RICHARD E. BALL; ILONA (NANA) ALVAREZ; GALO SALAS; ALLEN SUEMATSU, | ) | |
| Defendant. | ) | |

ORDER SUA SPONTE DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

Before the Court is Plaintiff Robert A. Ball ("Plaintiff")'s Complaint, filed on December 27, 2010. (Doc. # 1.) Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's Complaint and the relevant legal authority, the Court sua sponte DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to amend.

BACKGROUND

On December 27, 2010, Plaintiff, proceeding pro se, filed a Complaint against Defendants Evelyn M. Tate-Ball ("Evelyn"), Richard E. Ball ("Richard"), Ilona (Nana) Alvarez ("Alvarez"), Galo Salas ("Salas"), and Allen Suematsu

("Suematsu") (collectively, "Defendants").  (Compl., Doc. # 1.)  Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed in forma pauperis ("IFP Motion").  (Doc. # 3.)  On December 28, 2010, Judge Kevin S. C. Chang granted Plaintiff's IFP Motion allowing Plaintiff, pursuant to 28 U.S.C. § 1915(a), to proceed without prepayment of fees.  (Doc. # 4.)

        Plaintiff's Complaint appears to allege several claims against Defendants including intentional infliction of emotional distress, intent to harm, defamation of character, violation of medical privacy act, and perjury.  (Compl. at 1.)  Plaintiff alleges that Evelyn, Alvarez, Richard, and Salas committed perjury when obtaining restraining orders against him, and that the restraining orders were entered against him "without asking for any evidence," thereby violating his First Amendment right to freedom of speech.  (Id.)  Plaintiff also claims that he was assaulted by a man named Nathan Snow (id.) and that he was put in a coma for nine days by his doctor following surgery in San Diego, California (id. at 2).  Plaintiff makes various other nonsenical allegations, including allegations pertaining to a civil lawsuit filed by him against Evelyn, Richard, Alvarez, and Salas.  Many of Plaintiff's claims reference the fact that he is in poor health and has recently been homeless.  It also appears that some of the Defendants may be related to Plaintiff.

2

## STANDARD OF REVIEW

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); Ricotta v. California, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

The court may also sua sponte dismiss a complaint for failure to comply with Rule 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a

district court has the power to sua sponte dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . . , prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed. See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers

4

labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## DISCUSSION

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F. 3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a

5

claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.")

Additionally, when a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citation and quotation omitted), superceded by statute, Lopez v. Smith, 203 F.3d 1122, 1126–30 (determining that a district court retains its discretion to dismiss a pro se prisoner's in forma pauperis complaint with or without leave to amend under the Prisoner's Litigation Reform Act)). However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

In the instant case, Plaintiff was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(a), thus his Complaint is subject to screening. Upon review of Plaintiff's Complaint, the Court finds that it is nonsensical at best, and that Plaintiff does not clearly identify the causes of action he is asserting.

6

Although Plaintiff claims to be alleging causes of action such as intentional infliction of emotional distress, slander, defamation, and violations of his First Amendment right to freedom of speech, all of which are legal causes of action, Plaintiff entirely fails to support these claims with sufficient facts such that Defendants may discern the claims being stated against them.

The entire Complaint consists of three pages where Plaintiff largely states various grievances against Evelyn and Richard. For example, Plaintiff states that "[o]n April 19, 2007, Richard Ball drove from where he lives in Kaimuki to Kailua just to tell me I have to join a program, or Evelyn will get a restraining order on me . . . [h]e is not a judge and has no authority to tell me this, besides he was working at the Honolulu Zoo when he told me this, and does not have a college degree, and is not a mental health professional." (Compl. at 2.) Plaintiff also claims that "Richard has gone so far as to tell me I have no rights at all. I did not know that ordinary citizens can take my rights away, when I know that not even the Supreme Court can do this." Neither of these allegations state a cognizable legal claim against Richard or any of the Defendants.

All of the other allegations found in Plaintiff's Complaint are wholly vague and ambiguous - the Court cannot determine the basis of these allegations or how Defendants' actions form the basis for cognizable legal claims. Further, to the

7

extent Plaintiff has provided facts that are relevant to any legal claims, they are hidden within Plaintiff's discussions regarding his health issues, verbal disagreements, and other factual scenarios that do not form the basis of any legal claims. Due to this confusing, rambling set of allegations, the Complaint fails to state cognizant legal claims that provide the Court or Defendants with notice of how Defendants' actions violated Plaintiff's Constitutional and other legal rights. As a result, the Complaint fails to submit any comprehensible basis for determining whether Plaintiff is entitled to relief, much less provide sufficient allegations to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. Indeed, the Complaint fails to provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Upon review of Plaintiff's Complaint, and for the reasons set forth above, the Court concludes that the Complaint fails to comply with Rule 8. The Complaint is DISMISSED WITHOUT PREJUDICE with leave to amend no later than 30 days from the filing of this Order. Plaintiff is advised that the amended complaint must clearly state how Defendants have injured him, as required by Rule 8. The amended complaint must also clearly articulate what claims Plaintiff is bringing and what relief is being sought.

## CONCLUSION

For the reasons stated above, the Court sua sponte DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to amend.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 15, 2011.

_____
David Alan Ezra
United States District Judge

Ball v. Tate-Ball, et. al, Cv. No. 10-00768 DAE-KSC; ORDER SUA SPONTE DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND